UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID NATHAN CHERNER,     No. 13-11757

                Debtor(s).
_____/

Memorandum on Turnover Motion (Tam Drive Partners, LLC)
_____

     David Cherner filed his Chapter 7 petition on September 14, 2013. His wife, Stacie, did not join in the petition with him. It appears that this was done strategically, in an attempt to obtain a discharge for the marital community while shielding considerable marital assets from community claims. This can be a dangerous game for both debtor and counsel.

     The Chapter 7 trustee, Linda Green, has moved the court for an order requiring Cherner to turn over 50,000 shares in a closely-held corporation known as Caredination, Inc., 100% of the interest in an LLC known as Tam Drive Partners, LLC, $18,779.78 in an account at Westamerica Bank, and some jewelry. Since different issues are raised as to each of these, the court will decide each separately. This Memorandum deals only with the interest in Tam Drive Partners, LLC.

     Prior to the filing of the bankruptcy case, on March 2, 2013, Cherner and his wife formed an LLC called Cherner Enterprises LLC. A short time later, the name was changed to TamDrive Partners LLC. The LLC was formed to manage a consulting business, with ownership of the LLC

1

supposedly divided 1% to Cherner and 99%. To his wife.[1]   The LLC agreement contains the following term:

> **1.4   Title to Property:** All real and personal property owned by the Company shall be owned by the Company as an entity and, insofar as permitted by applicable law, no Member shall have any ownership interest in such property in its individual name or right and each Member's interest in the Company shall be personal property for all purposes.

Cherner argues that this provision transmuted his wife's 99% into her separate property. The court finds this argument completely without merit. First of all, the provision relates to property owned by the LLC, not marital community property. Secondly, A transmutation of property is not valid unless made in writing by an express declaration. To satisfy the requirement of an "express declaration," a writing must expressly state that the character or ownership of the property at issue is being changed. *In re Marriage of Valli,* (2014) __ Cal.4th __, __ P.3d __, 2014 WL 1943661*2; *Estate of MacDonald* (1990) 51 Cal.3d 262, 272, 272 Cal.Rptr. 153, 794 P.2d 911. The quoted provision neither expressly mentions community property nor recites that the nature of any property is being changed. It is therefore insufficient to effect a transmutation.

The court will enter a single order once the entire turnover motion has been adjudicated. For the foregoing reasons, the order shall grant the motion as to Tam Drive Partners, LLC, and order the debtor to turn over the entire 100% interest to Green.

Dated: May 20, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

---

[1] Whether or not this transfer is grounds for denial of a discharge pursuant to § 727(a)(2) of the Bankruptcy Code is not before the court at this time, though the court notes that these machinations took place just seven months before the bankruptcy.

2

Case: 13-11757    Doc# 49    Filed: 05/20/14    Entered: 05/20/14 11:14:08    Page 2 of 2