UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID NATHAN CHERNER,                                              No. 13-11757

                              Debtor(s).
_____/

Memorandum on Turnover Motion (Caredination, Inc.)
_____

      The Chapter 7 trustee, Linda Green, has moved the court for an order requiring debtor David Cherner to turn over 50,000 shares in a closely-held corporation known as Caredination, Inc., 100% of the interest in an LLC known as Tam Drive Partners, LLC, $18,779.78 in an account at Westamerica Bank, and some jewelry. Since different issues are raised as to each of these, the court will decide each separately. This Memorandum deals only with the shares in Caredination, Inc..

      Cherner did not initially disclose the shares in the corporation. However, in amended schedules filed three months later Cherner scheduled the shares as having a value of "0.00" and claiming them exempt in the amount of "0.00." Cherner argues, unconvincingly, that this was effective to remove the shares from his bankruptcy estate.

      Cherner's argument is based on a misreading of *Schwab v. Reilly,* 560 U.S. 770, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010). In that case, a debtor had scheduled equipment as having a value of $10,718.00 and claimed it exempt in that amount. When the trustee moved to sell the equipment for

1

more than the value stated, the debtor argued that because the dollar amount of her exemption matched the dollar amount of the scheduled asset it was entirely exempt, even if it was worth more, absent timely objection to the exemption. The Supreme Court rejected this argument and reversed a ruling for the debtor. It held that exemptions facially within the dollar limits the exemption statute "raise no warning flags that warranted an objection." 177 L.Ed.2d at 251-52. The court went on to note that an objection to the exemption might have been required if, instead of a stated value, the debtor had declared the exempt amount as "full fair market value (FMV)" or "100% of FMV." However, as in *Schwab,* Cherner listed only a dollar amount within the statutory limit.

Since Cherner claimed as exempt "0.00" interest in the shares of Caredination, his exempt interest in the shares is zero. They shall accordingly be turned over to Green. The single order the court will enter, after all of the issues raised in the turnover motion are resolved, shall so provide.

Dated: May 20, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge