UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID NATHAN CHERNER,   No. 13-11757

                Debtor(s).
_____/

Memorandum on Objection to Claims of Exemption
_____

In an amended schedule, Chapter 7 debtor David Cherner scheduled an 1% interest in Tam Drive Partners, LLC, and 90,000 shares of Caredination, Inc., as each having a value of "0.00" and claimed exempt in the same amount. Within 30 days, Chapter 7 trustee Linda Green objected. Cherner responds by pointing out that the Caredination shares were so scheduled in his original schedules so it is too late to object as to these shares. While technically correct, the point gains Cherner nothing.

In *Schwab v. Reilly,* 560 U.S. 770, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010), a debtor had scheduled equipment as having a value of $10,718.00 and claimed it exempt in that amount. When the trustee moved to sell the equipment for more than the value stated, the debtor argued that because the dollar amount of her exemption matched the dollar amount of the scheduled asset it was entirely exempt, even if it was worth more, absent timely objection to the exemption. The Supreme Court rejected this argument and reversed a ruling for the debtor. It held that exemptions facially within the

1

dollar limits the exemption statute "raise no warning flags that warranted an objection." 177 L.Ed.2d at 251-52. The court went on to note that an objection to the exemption might have been required if, instead of a stated value, the debtor had declared the exempt amount as "full fair market value (FMV)" or "100% of FMV." However, as in *Schwab,* Cherner listed only a dollar amount within the statutory limit.

Since Cherner claimed as exempt "0.00" interest in the shares of Caredination and his interest in the LLC, his exempt interest in these assets is zero. Pursuant to *Schwab,* it was not necessary for Green to object to the claims of exemption. By claiming "0.00" as the exempt amount, Cherner created no exempt interest in either the shares in Caredination, Inc., or Tam Drive Partners, LLC and no objection was required.

For the foregoing reasons, Green's objection will be sustained as to the interest in Tam Drive Partners, LLC. As to the shares of Caredination, Inc., Green's objection will be overruled as untimely, but Cherner will be declared to have no exempt interest in the shares notwithstanding that Green's objection is overruled. Counsel for Green shall submit an appropriate form of order.

Dated: May 20, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

2